UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

KIM S.,

                              Plaintiff,

v.

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

                              Defendant.

_____

DECISION AND ORDER

20-CV-0724L

**PRELIMINARY STATEMENT**

Plaintiff brings this action pursuant to Section 205(g) of the Social Security Act (the "Act"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security (the "Commissioner").[1]

On August 4, 2016, plaintiff filed applications for a period of disability and disability insurance benefits, and for disabled widow's benefits, alleging disability beginning on July 4, 2014. Both applications were denied on November 2, 2016. (Dkt. #6 at 19). Plaintiff requested a hearing, which was held on October 24, 2018 before administrative law judge ("ALJ") Bryce Baird. Plaintiff and vocational expert Lanell R. Hall both testified. *Id*.

---

[1] On or about July 9, 2021, Kilolo Kijakazi became the acting Commissioner of the Social Security Administration and is substituted for Andrew Saul as defendant in this action. *See* Fed. R. Civ. Proc. 25(d)(1).

The ALJ issued a decision on January 30, 2019, finding plaintiff not disabled. (Dkt. #6 at 19-28). That decision became the final decision of the Commissioner when the Appeals Council denied review on April 14, 2020. (Dkt. #6 at 1-4). This appeal followed.

The plaintiff has moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, requesting remand of the matter for further proceedings (Dkt. #8), and the Commissioner has cross moved for judgment on the pleadings dismissing the complaint. (Dkt. #11). For the reasons set forth below, plaintiff's motion is granted, the Commissioner's cross motion is denied, and the matter is remanded for further proceedings.

## DISCUSSION

Determination of whether a claimant is disabled within the meaning of the Social Security Act follows a well-settled five step sequential evaluation. The Court assumes the reader's familiarity therewith. *See Bowen v. City of New York*, 476 U.S. 467, 470 71 (1986). See 20 CFR §§404.1509, 404.1520. The Commissioner's decision that a plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

The ALJ summarized plaintiff's medical records, and concluded that plaintiff's severe impairments consisted of cervical disc disease, hypothyroidism, later onset degenerative joint disease of the right shoulder, arthritis, joint disease of the right knee, and obesity. (Dkt. #6 at 22).

Plaintiff was fifty-four years old on the alleged onset date, with past relevant work as a general merchandise sales representative and home furnishing sales representative. The ALJ determined that plaintiff has the residual functional capacity ("RFC") to perform light work, with the ability to lift and carry 20 pounds occasionally and ten pounds frequently. She can sit, stand or walk for up to 6 hours in an 8-hour workday. She can frequently user her right hand for hand

controls, reach bilaterally, and handle and finger objects with her right hand. She can no more than occasionally climb ramps or stairs, balance, kneel, stoop, or reach overhead. She can never climb ladders, ropes, or scaffolds, nor can she crawl. She can have no more than occasional exposure to irritants such as odors, fumes, dust, gases and poor ventilation, and can never be exposed to excessive vibration, or to hazards such as unprotected heights or moving machinery. (Dkt. #6 at 24).

When presented with this RFC at the hearing, the vocational expert testified that an individual with these limitations could perform plaintiff's past relevant work – performed at the light exertional level – as a general merchandise sales representative and furniture sales representative. (Dkt. #6 at 27-28). The ALJ accordingly found plaintiff not disabled.

I. The ALJ's Assessment of the Medical Opinion Evidence of Record

The record before the ALJ contained just one comprehensive RFC opinion by an examining physician. Consulting physiatrist (physical medicine and rehabilitation specialist) Dr. Nikita Dave examined plaintiff on November 5, 2018, and completed a narrative examination report and an RFC form. Although she found that plaintiff's gait and stance were normal, plaintiff's squat was "one-half down," and muscle spasming was observed in plaintiff's upper back and shoulders, in the trapezii, rhomboids, left splenius and sternocleidomastoid muscles. Plaintiff's cervical spine showed limited range of motion in every direction, and diminished left knee flexion and tenderness were noted. (Dkt. #6 at 878).

Dr. Dave opined that plaintiff "may" have moderate to marked limitations for repetitive kneeling, squatting and climbing, mild to moderate limitations in lifting, carrying, pushing, pulling, and prolonged sitting. She further suggested that plaintiff may benefit from rest intervals to change positions, should avoid maintaining non-neutral spinal positions for prolonged periods,

and should avoid respiratory irritants and temperature extremes due to a history of asthma. (Dkt. #6 at 875-79.) In a follow-up RFC form, Dr. Dave indicated, among other things, that plaintiff could lift up to ten pounds frequently, could carry up to 20 pounds frequently, could sit or walk for up to 2 hours at a time and stand for up to 3 hours at a time, could never push or pull, could frequently operate foot controls, and should not be exposed to greater than moderate noise. (Dkt. #6 at 880-86).

The ALJ gave "some" weight to Dr. Dave's objective findings, and "little" weight to her opinion concerning plaintiff's limitations, noting that her opinion was internally inconsistent (e.g., finding that plaintiff couldn't lift ten pounds, but could frequently carry that amount of weight). The ALJ also found that Dr. Dave's use of the word "may" discounted the strength of the opinion, and that the limitations she described were inconsistent with plaintiff's self-reported abilities to perform activities such as exercising, dressing, cleaning, doing laundry and shopping. (Dkt. #6 at 25-26).

Plaintiff argues that the ALJ's rejection of the limitations opined by Dr. Dave was insufficiently supported, and that the ALJ's resulting RFC findings were not supported by substantial evidence.

The Court agrees. The ALJ's determination – that Dr. Dave's objective examination findings were not entitled to deference, and that the kneeling, squatting, climbing, lifting, positional and noise-related limitations she described were vague or internally inconsistent – was not sufficiently supported, and created an evidentiary gap.

Initially, the ALJ did not explain his reasoning, nor is any logical basis clear from the record, for determining that Dr. Dave's objective findings, such as observations of muscle spasms and measurements of reduced cervical flexion and extension, were entitled only to "some" weight.

4

Furthermore, by placing undue focus on Dr. Dave's use of the word "may" with respect to some of the opined limitations, and by engaging in unsupported leaps of logic (e.g., finding that the ability to *carry* 10 pounds is inconsistent with the ability to *lift* 10 pounds, and thus rejecting Dr. Dave's entire opinion as to plaintiff's lifting and carrying restrictions in favor of a layperson conclusion that plaintiff had the ability to lift and carry significantly more weight), the ALJ reached a highly-specific RFC determination that is entirely untethered to any competent medical opinion. Nor can the error be said to be harmless, as crediting Dr. Dave's opinion would have resulted in an RFC that was inconsistent with the performance of plaintiff's past relevant work, which was performed at the light exertional level. Remand is therefore required.

Furthermore, even assuming *arguendo* that the ALJ had properly supported his decision not to credit Dr. Dave's opinion, the rejection of that opinion created a gap in the record which deprived the ALJ's RFC finding of adequate evidentiary support. While an ALJ may base an RFC assessment on evidence other than medical opinions, such as treatment notes and activities of daily living, the instant record lacked sufficient evidence to do so. Although plaintiff's treatment notes did contain some objective findings with respect to, e.g., gait and stance (which were, in fact, consistent with Dr. Dave's objective findings), those records did not contain sufficient detail about plaintiff's specific exertional and postural limitations (e.g., ability to lift, carry, sit, walk) to support the RFC finding reached by the ALJ. *See Monroe v. Commissioner*, 676 Fed. Appx. 5, 9 (2d Cir. 2017) (unpublished opinion); *Moreau v. Berryhill*, 2018 U.S. Dist. LEXIS 41743 at *28-*29 (D. Conn. 2018).

Because the ALJ did not rely on a medical opinion in crafting his RFC, and because the record lacked sufficient alternative evidence for the ALJ to reach an informed RFC determination, the ALJ's findings amounted to an improper substitution of his "own expertise or view of the

5

medical proof [in place of] any competent medical opinion," and remand is appropriate. *Greek v. Colvin*, 802 F.3d 370, 375 (2d Cir. 2015). *See generally Moreau v. Berryhill*, 2018 U.S. Dist. LEXIS 4173 at *33-*34 (D. Conn. 2018).

## CONCLUSION

For the foregoing reasons, the plaintiff's motion for judgment on the pleadings (Dkt. #8) is granted, the Commissioner's cross motion (Dkt. #11) is denied, and the matter is remanded for further proceedings. On remand, the ALJ is directed to reassess the evidence of record including Dr. Dave's opinion, to complete the record as appropriate by recontacting Dr. Dave for clarification of her opinion and/or obtaining additional medical opinions, and to reach a new disability determination which is supported by substantial evidence.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       July 28, 2021.